Richards W. Hannah, J.
This petition presents an interpretation of subdivision 4 of section 1897 of the Penal Law as to whether the possession of a rifle by a boy under 16 years of age constitutes a violation of this section.
*361 The petition against the respondent, a boy age 15, alleges that on August 18,1964 at about 11:10 p.m. in the hallway of 444 Park Avenue, Brooklyn, New York, the respondent while acting with another male, did have in his possession unlawfully, a dangerous weapon, to wit: a 22-calibre automatic rifle containing 14 bullets.
Detective Dugan testified that when he questioned the respondent he admitted that he owned the rifle (petitioner’s Exhibit 1) and that it had 14 bullets in it (petitioner’s Exhibit 2).
Officer 0 ’Brien testified that he was in a radio car and that he saw the respondent and one Sanchez on the stoop of 444 Park Avenue with the rifle, that they went into the house, that the respondent denied possession of the rifle, that subsequently in the police car he admitted it was hidden and took the officer back to the apartment where it was found under a sofa.
A motion to dismiss was denied. The respondent testified that he had been out for the evening and had left one Palmer about 11:00 p.m., that he was on his way home when he saw the police, that he ran into 444 Park Avenue, that Sanchez ran into the building with the rifle, that Sanchez hid the rifle, that later the police came and searched the apartment but found nothing. The witness, Palmer, states that respondent left him about 11:00 p.m. and added nothing else.
The motion to dismiss was renewed and decision was reserved.
Effective July 1, 1963, certain sections starting at 1896 to 1921 of the Penal Law entitled “ Public Safety ” were amended. A new section 1896 was enacted entitled “ Definitions ”. We are concerned with subdivisions 3 and 11. They provide:
“3. ‘ Firearm ’ any pistol, revolver, sawed-off shotgun or other firearm of a size which may be concealed upon the person ”.
“11. ‘ Rifle ’, a weapon designed * * * and intended to be fired from the shoulder * * ® and made * * * to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger.” (Italics mine.)
On July 1,1963, a new section 1897 dealing with the possession of weapons and dangerous instruments and articles was enacted. Subdivision 4 of section 1897 is the only subdivision dealing with persons under 16 years of age except subdivision 6 of section 1900. Both these sections must be read together.
Subdivision 4 provides: “ Any person under the age of sixteen years who has in his possession any of the weapons, instruments, appliances or substances specified in the first three subdivisions of this section, or any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or *362 any gun, or any, instrument or weapon in or upon which any loaded or blank cartridges may be used, or any loaded or blank cartridges or ammunition therefor, or any dangerous knife shall be adjudged a juvenile delinquent(Italics mine.)
The first subdivision is inapplicable and subdivisions 2 and 3 are limited to “ firearms ” which are defined in subdivision 3 of section 1896 as a pistol or other firearm which may be concealed upon the person.
On July 1, 1964, a new subdivision 6 was added which provides 6. Any person who has in his possession a rifle * * * and who has been convicted anywhere of a felony or any one of the misdemeanors or offenses mentioned in section five hundred fifty-two of the code of criminal procedure is guilty of a misdemeanor.” This is the first time that the word “ rifle” has been used in the statute but it is doubtful if it applies to persons under 16 years of age because such person cannot be convicted of a felony (except murder in the first and second degrees), misdemeanors or offenses.
Section 1900, effective July 1, 1963, sets forth certain exemptions and immunities and provided that section 1897 shall not apply to: “ 1. Possession of any of the weapons, instruments, appliances or substances specified in section eighteen hundred ninety-seven by the following ”. (Italics mine.) Then follows a list of the persons including certain military personnel, defense contractors and certain police, correction officers and licensed persons.
On July 1, 1964, a new subdivision 4 was added which provided: “ 4. Possession of a rifle * * * by a person who has been convicted as specified in section eighteen hundred ninety-seven, subdivision six to whom a certificate of good conduct has been issued ”. (Italics mine.)
Subdivision 6 of section 1900, formerly subdivision 5, which became effective July 1, 1963 and was renumbered subdivision 6, effective July 1,1964, provided: “ 6. Possession, at an indoor or outdoor rifle range for the purpose of loading and firing the same, of a rifle of not more than twenty-two calibre rim fire, the propelling force of which may be either gunpowder, air or springs, by a person under sixteen years of age * * * who is a duly enrolled member of any club * * * for educational purposes and maintaining as part of its facilities, or having written permission to use, such rifle range under the supervision, guidance and instruction of” and then follows a list of the authorities.
*363 A comparison of former subdivision 3 of section 1897 with present subdivision 4 of section 1897 indicates that the ney section is broader than the old one and should remove any doubt that the new subdivision 4 includes a rifle. The new subdivision 4 includes a “ weapon ” in which any loaded cartridges may be used whereas the former subdivision 3 of section 1897 includes only “ any gun, revolver, pistol or other firearm”. Moreover, if we read subdivision 6 of section 1900 with subdivision 4 of section 1897 it would appear that the possession of a rifle was prohibited by subdivision 4 of section 1897 and that subdivision 6 of section 1900 permitted children under 16 years to have possession of a rifle only at a rifle range under the conditions set forth.
At the 1964 session of the Legislature, a new subdivision 11 was added to section 1896, defining the word “ rifle ”. It defined a “ rifle ” as a “ weapon ” which is one of the words used in subdivision 4 of the statute enumerating the articles, substances and appliances. At the same time a new subdivision 6 was added to section 1897 which forbid the possession of a rifle to any person who had been convicted of a felony or any one of certain misdemeanors or offenses under section 552 of the Code of Criminal Procedure, except when such a person if convicted, had been granted a good conduct certificate (Penal Law, § 1900, subd. 4). However it would appear that these amendments obviously did not apply to persons under 16 years of age since such person could not be convicted of any crime, misdemeanor or offenses, except murder. While it may seem strange that when the definition of “ rifle ” was added that the word “ rifle ” was not included in subdivision 4 to remove any doubt as to rifles, yet in my opinion, the terminology of subdivision 4 is sufficient to include a rifle.
It is interesting to note that on July 15, 1964, chapter 18 of the Administrative Code of the City of New York was amended by adding a new subdivision to section 436 5.0 to be subdivision h to read: “ Rifles and Shotguns; carrying or possessing. 1. It shall be unlawful for any person to carry or possess a loaded rifle or shotgun in public within the city limits. Any person who shall violate this subdivision shall be guilty of a misdemeanor punishable by a fine or not more than one thousand dollars ($1,000.00), or imprisonment not exceeding one (1) year, or by both such fine and imprisonment.”
Accordingly, I hold that a rifle is included under subdivision 4 of section 1897.
*364 In reviewing the evidence I have concluded that the testimony of the police officers has established a fair preponderance of the evidence of the facts alleged and I find that the respondent is under 16 years of age and that he had the rifle in his possession within the meaning of the statute.
The Probation Department is directed to make an investigation. The respondent is paroled. A dispositional hearing is set down before me on January 26, 1965.